


Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHARLES F. GUMPP, | ) | CASE NO. 10-62464 |
| | ) | |
| Debtor. | ) | ADV. NO. 10-6090 |
| | ) | |
| MICHAEL WEATHERBY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES F. GUMPP, II, | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| Defendant. | ) | |

Plaintiff's motion for summary judgment is before the court. Plaintiff seeks a determination that a debt owed to him by Defendant-debtor, arising from the sale of a vehicle in 2007, is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (6). Defendant submitted an untimely response.[1]

---

[1] Plaintiff's motion was filed on December 10, 2010. Under Local Bankruptcy Rule 9013-1(b), responses were due within fourteen days. Using the calculations in Federal Rule of Bankruptcy Procedure 9006, the response deadline was December 27, 2010. Defendant's

1

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following constitutes the court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtor operated a used car lot. In 2007, Debtor sold Plaintiff a 1966 Austin Healey. Plaintiff later sued Debtor for violations of the Ohio Consumer Sales Practices Act ("CSPA") in connection with the transaction. On September 8, 2009, the Stark County Common Pleas Court found, in a consent judgment and entry, that Plaintiff

> committed unfair and deceptive acts or practices in violation of the Consumer Sales Practices Act R.C. §1345.02 and Ohio Administrative Code §109-4-3-09, by fraudulently misrepresenting the standard or quality of the vehicle in the text of the on-line advertisement for the vehicle, knowingly making a misleading statements (sic) of opinion regarding the condition of the vehicle upon which Plaintiff was likely to rely to his detriment, failing to provide the service history of the vehicle as promised, failing to integrate into the written sales agreement all material representations, and offering for sale (or assisting in the sale) of more than five motor vehicles in the twelve months preceding the subject transaction with Plaintiff without being a licensed dealer pursuant to Ohio's motor vehicle laws.

(Complaint, Exhibit 1, ¶8). The parties entered into a settlement agreement, effective August 1, 2009, whereby Debtor agreed to pay Plaintiff $30,000.00, plus statutory interest. Debtor defaulted in May 2010 and filed a joint chapter 13 petition on June 7, 2010.

Plaintiff is listed as an unsecured creditor. Pursuant to the proposed plan, unsecured creditors are not to receive any distribution.

Plaintiff filed an adversary complaint on September 1, 2010 seeking nondischargeability of the debt under 11 U.S.C. § 523(a)(2)(A) and/or (6).

---

response was filed January 10, 2011. Plaintiff did not move to strike the response.

2

## ANALYSIS

Plaintiff moved for summary judgment under Federal Rule of Bankruptcy Procedure 7056 which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. As the movant, Plaintiff bears the initial burden of proof, being tasked with the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions [of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the movant also bears the burden of persuasion on an issue, this initial showing means movant is required to demonstrate all essential elements of its claim. *See* Prestige Capital Corp. v. Michigan Gage and Mfg., LLC, 2010 WL 2787438 (E.D. Mich. 2010) (reporter citation not yet available); Brixey v. Confer (In re Confer), 277 B.R. 374 (Bankr. S.D. Ohio 2002). According to Rule 56(a), the court is to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970).

Plaintiff primarily relies on the state court judgment as the foundation for summary judgment, using it offensively. According to Plaintiff, the consent judgment was a finding of fraud under the Ohio Consumer Sales Practices Act and there is no reason to relitigate the fraud claim for nondischargeability purposes: the consent judgment should merely be used as the basis for finding the debt nondischargeable. However, Plaintiff doesn't whisper of the doctrines which would allow this court to rely on the consent judgment from the state court, namely res judicata and collateral estoppel.

The doctrines aren't addressed by Defendant, either. Instead, Defendant claims the transaction was handled through a corporation, and he is therefore shielded from liability. He also argues that Plaintiff failed to prove any actual damages.

### I.   Res Judicata

Res judicata, also known as claim preclusion, 'bars further claims by parties or their privies based on the same cause of action.' *See* Brown v. Felsen, 442 U.S. 127, 131 (1979) (citing Montana v. U.S., 440 U.S. 147, 153 (1979)). The basic premise is that if a claim has been decided by a court, it shouldn't be redetermined. The Supreme Court has slightly discounted this premise in bankruptcy dischargeability actions, however, concluding that the question of dischargeability of a debt is in the province of the bankruptcy court. Brown involved some parallel facts to the present case. The state court had entered a stipulated judgment between the parties in a state court action. The action did not specify the cause of action that was settled. When Felsen filed bankruptcy, Brown acted to have the debt declared nondischargeable. The bankruptcy court utilized only matters in the state court record in rendering the debt dischargeable. The Supreme Court found the bankruptcy court was not so confined in its

3

examination of the state court judgment:

> Refusing to apply res judicata here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.

Brown at 138. As a result, res judicata is not applicable to foreclose this court from considering dischargeability of the debt owed Plaintiff. *See also* Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315 (6th Cir. 1997); Spilman v. Harley, 656 F.2d 224 (6th Cir. 1981).

## II.  Collateral Estoppel

Collateral estoppel, also known as issue preclusion, is a bar to relitigation of issues which have previously been determined. "[A] fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Fort Frye Teachers Ass'n, OEA/NEA v. State Emp't Relations Bd., 81 Ohio St.3d 392, 395 (1998) (citing Norwood v. McDonald, 142 Ohio St. 299 (1943) (other citations and references omitted)).

Unlike res judicata, collateral estoppel is available in dischargeability actions. Grogan v. Garner, 498 U.S. 279 (1991); Calvert, 105 F.3d 315; Spilman, 656 F.2d 224. Under the charge of the Full Faith and Credit clause of the United States Constitution, Article IV, § 1, and its statutory codification, 28 U.S.C. § 1738, federal courts give full faith and credit to state court judgments in the same manner a state court affords the judgment preclusive effect. *See also* Calvert, 105 F.3d 315. Thus, whether collateral estoppel can be used to preclude issues must be reviewed under Ohio law.

In Ohio, four conditions must be established to invoke the collateral estoppel doctrine:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
> 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in

4

privity with the party to the prior action.

Sill v. Sweeney (In re Sweeney), 276 B.R. 186 (B.A.P. 6th Cir. 2002) (citations omitted).

It is not disputed that the state court entry satisfied the first condition for collateral estoppel. The parties involved had an opportunity to litigate the issues, but chose to settle the matter and the consent judgment was a final adjudication of their conflict. "Consent decrees have the same *res judicata* and collateral estoppel effects as judgments resolving disputed issues." Scott v. City of East Cleveland, 16 Ohio App.3d 429, 431 (1984) (citing Horne v. Woolever, 170 Ohio St. 178, 182 (1959); Columbus v. Stilson & Assoc., 90 Ohio App.3d 608 (Ohio App. 10 Dist. 1993)). With similar ease, the court also concludes that the fourth requirement of mutuality is established: the parties to the nondischargeability action are identical to the parties involved in the state court lawsuit. As a result, the first and fourth prongs are satisfied.

Whether the second criterion is met gives the court more pause. Some courts find that a consent judgment does not meet the "actually litigated" requirement for collateral estoppel. *See* Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachinski), 393 B.R. 522 (Bankr. S.D. Ohio 2008). In Bachinski, the bankruptcy court found that Ohio law was split on this issue. Id. at 536 (offering an overview of the issue, as well as a small survey of cases on both sides of the issue) (citations omitted). Upon review of Ohio law, this court is of the opinion that the Ohio Supreme Court would deem a consent judgment to meet the 'actually litigated" prong for application of collateral estoppel. *See, e.g.,* Sponseller v. Sponseller, 144 N.E. 48 (1924); Gilbraith v. Hixson, 32 Ohio St.3d 127 (1987).

Sponseller involved an agreement between a husband and a wife, in the process of a dissolution, who agreed to an alimony award of real property to the wife. The land was later subject to a partition action in which the husband attempted to collaterally attack the alimony award. The Ohio Supreme Court opined on the nature of consent judgments and stated

> the law has been broadly laid down that as between parties sui juris, and in the absence of fraud, a judgment or decree of a court having jurisdiction of the subject-matter, and rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted facts and due consideration thereof by the court.
> 15 Ruling Case Law, pp. 643-646.

Sponseller at 400. The court reached a parallel conclusion in Gilbraith.

In Gilbraith, Mr. Gilbraith was established to be the parent of a minor child, as

5

acknowledged in the parties' separation agreement and by consensual entry in a legitimization proceeding in probate court. He later attempted to challenge his parentage based on mistake when he was sued for child support arrears. Although mainly addressing issues of res judicata, the Ohio Supreme Court confirmed its Sponseller position: "[i]mplicit in the rule is the recognition that a judgment entered by consent, although predicated upon an agreement between the parties, is an adjudication as effective as if the merits had been litigated and remains, therefore, just as enforceable as any other validly entered judgment." Gilbraith at 129 (citing Sponseller, 110 Ohio St. 399 and Ohio State Medical Bd. v. Zwick, 59 Ohio App.2d 133, 139-140 (1978)). The Ohio Supreme Court posits that a consent decree is a ruling by the court as if the litigation had occurred. Because of the interrelatedness of res judicata and collateral estoppel, *see* Grava v. Parkman Twp., 653 N.E.2nd 226 (1995), this court finds no reason to apply these principles merely to res judicata. The pronouncements from the Ohio Supreme Court directly speak to the conclusion that the findings in an agreed judgment are deemed to have been actually litigated.

However, there is an additional requirement for this criterion that states that the issue must not merely have been actually litigated, but also necessary to the final judgment. In the motion for summary judgment, Plaintiff presents two issues: a fraud/misrepresentation claim under section 523(a)(2) and a section 523(a)(6) claim for willful and malicious injury. The court must determined "whether the factual issues in the state court proceeding were applied 'using standards identical to those in the dischargeability proceedings[.]'" Longbrake v. Rebarchek (In re Rebarchek), 293 B.R. 400, 407-8 (Bankr. N.D. Ohio 2002) (citing Spilman, 656 F.2d at 226 (other citations omitted)).

As the court in Rebarchek pointed out, 523(a)(2) nondischargeability claims and claims for violations of the Ohio Consumer Sales Practices Act are not necessarily identical. However, the factual findings in Rebarchek were sufficient to support a nondischargeability finding. The court finds the same in this case.

Section 523(a)(2) actions require proof of the following:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

Rembert v. AT&T Universal Card Svcs. (In re Rembert), 141 F.3d 277, 280-81 (6th Cir. 1998) (citing Longo v. McLaren (In re McLaren ), 3 F.3d 958, 961 (6th Cir.1993)). The state court consent judgment contains findings to support each and every element of a section 523(a)(2) claim. As stated in paragraph eight of the judgment:

> Defendant committed unfair and deceptive acts or practices in

10-06090-rk    Doc 18    FILED 02/11/11    ENTERED 02/11/11 09:30:26    Page 6 of 8

> violation of the Consumer Sales Practices Act . . . by fraudulently
> misrepresenting the standard or quality of the vehicle in the text
> of the on-line advertisement for the vehicle, knowingly making a
> misleading statements (sic) of opinion regarding the condition of
> the vehicle upon which Plaintiff was likely to rely to his detriment,
> failing to provide the service history of the vehicle as promised,
> failing to integrate into the written sales agreement all material
> representations, and offering for sale (or assisting in the sale of
> more than five motor vehicles in the twelve months preceding the
> subject transaction with Plaintiff without being a licensed dealer
> pursuant to Ohio's motor vehicle laws.

(Plaintiff's M. Summ. J. Exhibit 1). Paragraph nine states that Plaintiff was damaged as a result of the acts of Defendant.

The proof for a fraudulent misrepresentation claim under Ohio law is nearly identical to that of a 523(a)(2) action under the bankruptcy code. The required elements are:

> (1) a representation or, when there is a duty to disclose, conceal-
> ment of a fact, (2) which is material to the transaction at hand,
> (3) made falsely, with knowledge of its falsity, or with such utter
> disregard as to whether it is true or false that such knowledge may
> be inferred, (4) with the intent of misleading another into relying
> upon it, (5) with justifiable reliance on the misrepresentation or
> concealment, and (6) an injury proximately caused by that reliance.

Deutsche Bank Nat'l Trust Co. v. Pevarski, 187 Ohio App.3d 455 (Ohio App. 4th Dist. 2010) (citing Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54 (1987); Burr v. Stark Cty. Bd. of Commrs., 23 Ohio St.3d 69 (1986), at paragraph two of the syllabus)). Since the consent judgment references Defendant's fraudulent misrepresentation, and outlines the specific facts of those actions, and a claim for fraudulent misrepresentation under Ohio law is nearly identical to the proof required under the bankruptcy code, the court concludes that the consent judgment does satisfy the third condition for application of collateral estoppel.

## CONCLUSION

Upon finding that the four collateral estoppel conditions are satisfied, collateral estoppel is available to Plaintiff. Application results in the conclusion that the factual issues were litigated previously and cannot be relitigated in this court. Since the findings in the consent judgment appear to be the same findings which would support a finding of nondischargeability under section 523(a)(2), Plaintiff's count for nondischargeability is meritorious. The underlying debt is non-dischargeable. This finding makes further inquiry of the section 523(a)(4) or (6) claims unnecessary.

7

An order will be issued in accordance with this opinion.

# # #

**Service List:**

G Ian Crawford
116 Cleveland Ave. N.W., Suite 800
Canton, OH 44702

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608